[Cite as *State v. Bitler*, 2023-Ohio-4337.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. CT2023-0034 |
| BRUTIS J. BITLER | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDINGS:  Appeal from the Muskingum County Court of Common Pleas, Case No. CR2022-0696

JUDGMENT:  Affirmed

DATE OF JUDGMENT ENTRY:  November 30, 2023

APPEARANCES:

For Plaintiff-Appellee

RON WELCH, ESQ.
Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth Street
P.O. Box 189
Zanesville, Ohio 43702

For Defendant-Appellant

CHRIS BRIGDON
8138 Somerset Road
Thornville, Ohio 43076

*Hoffman, J.*

{¶1}   Defendant-appellant Brutis J. Bitler appeals the judgment entered by the Muskingum County Common Pleas Court convicting him following his pleas of guilty to aggravated possession of drugs (R.C. 2925.11(A)) and illegal use or possession of drug paraphernalia (R.C. 2925.14(C)(1)), and sentencing him to an aggregate term of incarceration of four to six years.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   On September 17, 2022, police officers found a car in the parking lot of the Econo Lodge in Zanesville, Ohio, which was registered to Michelle Barr.  Officers had a warrant for Barr's arrest.  After speaking to staff at the motel, officers learned Barr had rented Room 106.

{¶3}   Officers knocked on the door of Room 106.  Barr answered the door. Officers informed her she was under arrest, and she went back inside the room.  Officers followed Barr inside the room to arrest her.

{¶4}   Appellant was also in the motel room.  Officers saw in plain view burnt foil, smoking pipes, plastic baggies, a digital scale, and a cigarette pack with a baggie hanging out of it containing a crystal substance.  The substance was tested and found to be methamphetamine with a weight of over 15 grams.

{¶5}   Police interviewed Appellant.  Appellant stated he was with Barr, and they had purchased a couple of ounces of methamphetamine the night before, in order to have enough before traveling to Florida.

{¶6}   Appellant was indicted by the Muskingum County Grand Jury with aggravated trafficking in drugs, aggravated possession of drugs, and illegal use or possession of drug paraphernalia.  Appellant entered a plea of guilty to aggravated

possession of drugs and illegal use or possession of drug paraphernalia. The State dismissed the charge of aggravated trafficking in drugs. The trial court sentenced Appellant to a term of incarceration of four to six years for aggravated possession of drugs and 30 days incarceration for illegal use or possession of drug paraphernalia, to be served concurrently, for an aggregate term of incarceration of four to six years. It is from the April 19, 2023 judgment of the trial court Appellant prosecutes his appeal.

{¶7} Appellate counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), rehearing den., 388 U.S. 924, indicating the within appeal is wholly frivolous. Counsel for Appellant has not raised any potential assignments of error. Counsel states he "has carefully examined the facts and matters contained in the record on appeal and has researched the law in connection therewith and has concluded that the appeal does not present a nonfrivolous legal question."

{¶8} In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he or she should so advise the court and request permission to withdraw. *Id*. at 744. Counsel must accompany the request with a brief identifying anything in the record which could arguably support the appeal. *Id*. Counsel also must: (1) furnish the client with a copy of the brief and request to withdraw; and, (2) allow the client sufficient time to raise any matters the client chooses. *Id*. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal

without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶9} Appellant has not filed a pro se brief, and the State has not filed a response to counsel's *Anders* brief. We have reviewed the record, including the transcripts of the change of plea hearing held March 1, 2023, and the sentencing hearing held April 17, 2023, and we find no arguably meritorious issues exist. Accordingly, we grant counsel's motion to withdraw and affirm the judgment of the Muskingum County Common Pleas Court.


By: Hoffman, J.
Gwin, P.J. and
Baldwin, J. concur